UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHARLES BENSON, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Cause No. 1:16-cv-163 |
| v. | ) |  |
|  | ) |  |
| KAREN E. RICHARDS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Charles Benson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face, which means that it must plead factual content from which the court can reasonably infer that the defendant is liable for the alleged misconduct. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009). Thus, the "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original) (citations omitted). Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "In order to state a claim under § 1983

a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted).

Benson is currently an inmate at the Miami Correctional Facility. He alleges that Allen County Prosecutor Karen Richards, Adam Widener and Ted Linn of Wane-TV News Channel 15, CNN International News, and World News published false information about his guilt on charges that were ultimately dismissed. (DE at 2.) He claims these statements amounted to defamation and damaged his reputation. (*Id.*)

If his allegations are true, then he may have a state law tort claim, but he does not have a constitutional claim. That's because defamation does not violate the U.S. Constitution. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *Batagiannis v. W. Lafayette Community School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006). In addition, a section 1983 action would not stand against the privately-operated news organizations or their employees, unless Benson could somehow show that they acted under color of state law in defaming him. For these reasons, any defamation that occurred did not deprive Benson of a federal constitutional right, and this complaint does not state a claim under section 1983.

Although it is usually necessary to allow a plaintiff to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary where the amendment would be futile. *See Luevano v. Wal-Mart,* 722 F.3d 1014, 1027, n.7 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here. No amendment could overcome the fact that neither the media outlets nor their employees are state actors.

Nor could an amendment change the fact that the complained of defamation fails to state a claim under Section 1983.

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Entered: October 18, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
